UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MARTIN J. WALSH**, <br> Secretary of Labor, <br> United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> **LUVRWASH, INC.** a/k/a **LOVE R WASH, INC.** <br> d/b/a **SPARKLING IMAGE QUICK LUBE,** <br> and **ROGER DORIO,** an individual, <br><br> Defendants. | Case No.: 21 CV 437 |

## COMPLAINT

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin **LUVRWASH, INC.** a/k/a **LOVE R WASH, INC.** d/b/a **SPARKLING IMAGE QUICK LUBE** (hereinafter "**LUVRWASH**") and **ROGER DORIO** an individual, ("Defendants") from violating the provisions of sections 11 and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 *et seq.*) ("the Act"), pursuant to section 17 of the Act. 29 U.S.C. § 217.

### I.

Jurisdiction of this action is conferred upon the court by section 17 of the Act. 29 U.S.C. § 217.

### II.

(a)   Defendant, **LUVRWASH**, is a Michigan corporation having its main office and place of business address at 3241 Plainfield Avenue NE, Grand Rapids, Michigan, 49525, within

1

Kent County, which is within the jurisdiction of this court and is, and at all times hereinafter mentioned was, engaged at that address in operating a car wash and oil change services.

(b) Defendant, **ROGER DORIO**, an individual and part owner and operator of Defendant **LUVRWASH**, is, and at all times hereinafter mentioned, was actively supervising the day-to-day operations and management of **LUVRWASH** in relation to its employees. At all times hereinafter mentioned, **ROGER DORIO** is and was engaged in business within Kent County at 3241 Plainfield Avenue NE, Grand Rapids, Michigan, 49525, within the jurisdiction of this court. **ROGER DORIO** acted directly or indirectly in the interest of **LUVRWASH** in relation to its employees and is an employer under section 3(d) of the Act.

### III.

Defendant, **LUVRWASH**, is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Act.

### IV.

Defendant, **LUVRWASH**, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times herein after mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000.

**V.**

Defendants, employers subject to the provisions of the Act, have repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that they have failed to make, keep and preserve adequate and accurate records of their employees and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by regulations (29 C.F.R. § 516) issued by the United States Department of Labor. Records kept by defendants fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek, with respect to many of their employees. Specifically, Defendants failed to maintain records of the hours worked each workday and each workweek for all employees; records of daily or weekly earnings for all employees; records of total wages paid to all employees including cash payments; and employee information including employee's full names, addresses, occupation and shifts worked, dates of hire, and hourly rates or salaries.

**VI.**

During the period since June 20, 2018, Defendants have repeatedly violated the aforesaid provisions of the Act. A judgment which enjoins and restrains such violations is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, Plaintiff prays for a judgment against Defendants as follows:

a. For an Order pursuant to section 17 of the Act, permanently enjoining and restraining Defendants and its officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of sections 11 and 15 of the Act; and

3

b.  For an Order granting such other and further relief as may be necessary or appropriate.

Respectfully submitted,

**ELENA GOLDSTEIN**
Deputy Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**P.O. ADDRESS:**
U.S. Department of Labor
Office of the Solicitor
Eighth Floor
230 S. Dearborn Street
Chicago, Illinois 60604
Telephone: (312) 353-6992
Fax: (312) 353-5698
Email: FAKLIS.LYDIA.J@DOL.GOV

*/s/ Lydia J. Faklis*
**LYDIA J. FAKLIS**
Trial Attorney

Attorneys for **MARTIN J. WALSH,** Secretary of Labor, United States Department of Labor, Plaintiff

**Local Counsel:**

**Andrew B. Birge**
United States Attorney

**Nicole Mazzocco**
Assistant U.S. Attorney
330 Ionia NW, 5th Floor
P.O. Box 208
Grand Rapids, MI 49501-0208
P: (616) 808-2067

4

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing **COMPLAINT** has been served on the below-named individual this 26th of May, 2021, by sending said copy via e-mail, to:

>Daniel L. Villaire
>Howard & Howard PLLC
>450 W. 4th St.
>Royal Oak, MI 48067
>(248) 723-0529
>dlv@h2law.com

>/s/ Lydia J. Faklis
>**LYDIA J. FAKLIS**
>**Trial Attorney**